IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GLENN COCHRAN, | : | |
| Petitioner, | | Case No. 3:25-cv-124 |
| v. | : | JUDGE WALTER H. RICE |
| STATE OF OHIO, et al., | | |
| Respondents. | : | |

DECISION AND ENTRY SUSTAINING RESPONDENT JOHN MCMANUS, MONTGOMERY COUNTY TREASURER'S MOTION TO DISMISS AMENDED COMPLAINT (DOC. #19)

This matter comes before the Court on a Motion to Dismiss filed by Respondent John McManus, Montgomery County Treasurer ("the County"). Doc. #19. Petitioner Glenn Cochran ("Petitioner") filed a response in opposition, Doc. #23, and the County filed a reply in support of its motion. Doc. #24.

For the reasons stated herein, the Court SUSTAINS Respondent John McManus, Montgomery County Treasurer's Motion to Dismiss Amended Complaint. Doc. #19.

I. **Procedural and Factual Background**

In January 2024, the County sold Tax Certificate Nos. 2024-0000000002 and 2024-0000002780 pursuant to Ohio Revised Code (R.C.) §5721.33. These tax

certificates created first priority liens for the amount of taxes and other fees owed to the County for the property located at 4236 Merrimac Avenue, Dayton, Ohio 45405. Petitioner, who resides at the Merrimac Avenue address, failed to redeem the tax certificates and a complaint for foreclosure was filed with the Montgomery County Court of Common Pleas on April 8, 2025.

On April 24, 2025, Petitioner filed this case, seeking the issuance of a writ of quo warranto. In his view, several treaties signed by the United States in the 1700s and 1800s prevent the County from exercising jurisdiction over him. The County filed a Motion to Dismiss Amended Complaint under Fed. R. Civ. P. 12(b)(6) on June 26, 2025, alleging that Petitioner had failed to state a claim upon which relief could be granted.

## II.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the [opposing party] has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

In ruling on the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Treesh*, 487 F.3d at 476.

Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief." *Id.* at 679.

To survive to the discovery phase, a plaintiff need only establish that the pleadings be plausible, not probable. *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 458 (6th Cir. 2011). "Ferreting out the most likely reason for the defendants' actions is not appropriate at the pleadings stage." *Id.*

### III. Analysis

Without examining the merits of Petitioner's claims, there are significant procedural issues requiring dismissal of this case. "Historically, the federal common law remedy of quo warranto has been available only in connection with proceedings over an individual's right to hold an office or position."[1] *Smith v. Dearborn Fin. Servs., Inc.*, 982 F.2d 976, 981 (6th Cir. 1993). Quo warranto actions against state officers, like the County here, are guided by state statutes. *State of Tenn., by Wolfenbarger ex rel. Atchley v. Taylor*, 169 F.2d 626, 631 (6th Cir. 1948).

Ohio law lays out only a few scenarios in which quo warranto actions may be brought. Under R.C. §2733.01, a quo warranto action "may be brought in the name of the state" against certain persons. Similarly, R.C. §2733.02 permits a quo warranto action "brought in the name of the state" to be filed against certain corporations. In fact, there is only one situation where a private *individual* may file a quo warranto action: "A person claiming to be entitled to a public office unlawfully held and exercised by another may bring an action therefor by himself or an attorney at law, upon giving security for costs." R.C. §2733.06.

---

[1] Notably, Petitioner does not challenge John McManus's right to hold the office of Montgomery County Treasurer, only the authority of the Montgomery County Treasurer to exert jurisdiction over his property.

4

Petitioner has not brought his quo warranto action in the name of the state, as he is not the Ohio Attorney General or an Ohio prosecuting attorney. *See* R.C. §2733.04. Likewise, he also has not met the requirements to qualify under §2733.06 as he is not claiming that he is entitled to any public office, nor has he given security before bringing his claims.

Respondent admits as much in his response:

> Petitioner did not file a standard quo warranto based on *ORC 2733.01(A)* "[...] usurpation of a office created under the authority of the state [...]." Petitioner did not file a standard quo warranto based on *ORC 2733.06* "[...] person claiming to be entitled to a public (elected or appointed officer, employee, or agent of the state) office [...]" Petitioner did not file a standard quo warranto based on being a resident or citizen of Ohio and is not seeking an injunction against a foreclosure as Respondent cited *United States v. Billheimer*, but is seeking an answer from the Respondent by what authority does he have pursuant treaties to act in the stead of a Moorish Consul, Moor/Indian Deputy, a British Consul and/or a High Contracting Party of the Treaties stated in lines 73-83 of the complaint. Petitioner is seeking an answer from Respondent by what authority does he have to sell an interest in property that is protected by treaties of the United States. Petitioner filed a quo warranto based on officers described in a treaty agreement which the above state statues are silent on.

Doc. #23, PageID #257 (brackets in original). From Petitioner's statement, it appears he understands that he cannot meet the burden to present a case as a writ of quo warranto and instead is merely "seeking an answer" to practices that he believes are impermissible. This is insufficient to state a claim upon which relief can be granted. Therefore, Petitioner's Amended Complaint must be dismissed under Fed. R. Civ. P. 12(b)(6).

5

## IV. Conclusion

For the foregoing reason, the Court SUSTAINS Respondent John McManus, Montgomery County Treasurer's Motion to Dismiss Amended Complaint. Doc. #19. The Amended Complaint, Doc. #11, is DISMISSED as to Defendant McManus.

Respondent State of Ohio is directed to respond to Petitioner's Amended Complaint, Doc. #11, within 21 days of the issuance of this Decision.

Date: November 21, 2025

*Walter H. Rice*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

6