IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GLENN COCHRAN, | : | |
|     Petitioner, | | Case No. 3:25-cv-124 |
| v. | : | JUDGE WALTER H. RICE |
| STATE OF OHIO, et al., | | |
|     Respondents. | : | |

DECISION AND ENTRY SUSTAINING RESPONDENT STATE OF OHIO'S MOTION TO DISMISS AMENDED COMPLAINT (DOC. #26); TERMINATION ENTRY

This matter comes before the Court on a Motion to Dismiss filed by Respondent State of Ohio ("the State"). Doc. #26. Petitioner Glenn Cochran ("Petitioner") did not file a timely response and, as the time for doing so has elapsed, he has waived the right to respond.

For the reasons stated herein, the Court SUSTAINS Respondent State of Ohio's Motion to Dismiss Amended Complaint. Doc. #26.

I. **Procedural and Factual Background**

In January 2024, the County sold Tax Certificate Nos. 2024-0000000002 and 2024-0000002780 pursuant to Ohio Revised Code (R.C.) §5721.33. These tax certificates created first priority liens for the amount of taxes and other fees owed

to the County for the property located at 4236 Merrimac Avenue, Dayton, Ohio 45405. Petitioner, who resides at the Merrimac Avenue address, failed to redeem the tax certificates and a complaint for foreclosure was filed with the Montgomery County Court of Common Pleas on April 8, 2025.

On April 24, 2025, Petitioner filed this case, seeking the issuance of a writ of quo warranto. In his view, several treaties signed by the United States in the 1700s and 1800s prevent the County from exercising jurisdiction over him. Respondent John McManus, Montgomery County Treasurer filed a Motion to Dismiss Amended Complaint under Fed. R. Civ. P. 12(b)(6), which this Court sustained on November 21, 2025. The State filed the present Motion to Dismiss on November 26, 2025, adopting many of the same arguments that the earlier motion advanced.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the [opposing party] has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

In ruling on the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Treesh*, 487 F.3d at 476.

Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief." *Id.* at 679.

To survive to the discovery phase, a plaintiff need only establish that the pleadings be plausible, not probable. *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 458 (6th Cir. 2011). "Ferreting out the most likely reason for the defendants' actions is not appropriate at the pleadings stage." *Id.*

3

## III. Analysis

The State makes several arguments weighing in favor of dismissal. Doc. #26. Notably, the Petitioner's only reference to the State in the Amended Complaint is a claim that he submitted one or more public records requests to Ohio Attorney General Dave Yost and other public officials. Doc. #11, PageID #122. This alone, as the State argues, is insufficient to make out a viable claim under Fed. R. Civ. P. 12(b)(6). Doc. #26, PageID #278–80. Moreover, even if Petitioner had made out a viable factual claim, the State would still argue for dismissal due to both Eleventh Amendment immunity and under the *Younger* abstention doctrine. Doc. #26, PageID #280–84; *see* U.S. CONST. amend. XI; *Younger v. Harris*, 401 U.S. 37 (1971).

This Court's previous decision laid out the significant procedural flaws in Petitioner's claims. Doc. #25. "Historically, the federal common law remedy of quo warranto has been available only in connection with proceedings over an individual's right to hold an office or position." *Smith v. Dearborn Fin. Servs., Inc.*, 982 F.2d 976, 981 (6th Cir. 1993). Quo warranto actions against state officers, like the State here, are guided by state statutes. *State of Tenn., by Wolfenbarger ex rel. Atchley v. Taylor*, 169 F.2d 626, 631 (6th Cir. 1948).

Ohio law lays out only a few scenarios in which quo warranto actions may be brought. Under R.C. §2733.01, a quo warranto action "may be brought in the name of the state" against certain persons. Similarly, R.C. §2733.02 permits a quo

4

warranto action "brought in the name of the state" to be filed against certain corporations. In fact, there is only one situation where a private *individual* may file a quo warranto action: "A person claiming to be entitled to a public office unlawfully held and exercised by another may bring an action therefor by himself or an attorney at law, upon giving security for costs." R.C. §2733.06.

Petitioner has not brought his quo warranto action in the name of the state, as he is not the Ohio Attorney General or an Ohio prosecuting attorney. *See* R.C. §2733.04. Likewise, he also has not met the requirements to qualify under §2733.06 as he is not claiming that he is entitled to any public office, nor has he given security before bringing his claims. It is clear, therefore, that Petitioner has no basis to invoke the quo warranto action and his claim against the State must be dismissed under Fed. R. Civ. P. 12(b)(6).

## IV. Conclusion

For the foregoing reason, the Court SUSTAINS Respondent State of Ohio's Motion to Dismiss Amended Complaint. Doc. #26. The Amended Complaint, Doc. #11, is DISMISSED.

The above captioned case is hereby ordered TERMINATED upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

5

Date: December 22, 2025                    *Walter N. Rice*

                                                WALTER H. RICE
                                                UNITED STATES DISTRICT JUDGE